DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRIPLE S MANAGEMENT CORPORATION** and
**TRIPLE S SALUD, INC.** d/b/a
**BLUE CROSS BLUE SHIELD OF PUERTO RICO,**
a foreign corporation,
Appellants,

v.

**AMERICAN CLINICAL SERVICES, LLC,**
Appellee.

No. 4D21-2501

[July 13, 2022]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 502016CA001068XXXMB.

Hector E. Valdes-Ortiz of Valdes Ortiz Law Offices, PA, Coral Springs, for appellants.

Karen B. Schapira of Karen B. Schapira, PLLC, Lakewood Ranch, and William J. Grant of Law Offices of Grant & Dozier, LLC, Inverness, for appellee.

PER CURIAM.

*Affirmed.*

GERBER and FORST, JJ., concur.
WARNER, J., dissents with an opinion.

WARNER, J., dissenting.

Puerto Rico based companies Triple-S Management Corporation ("TSM") and Triple-S Salud ("TSS"), d/b/a Blue Cross Blue Shield of Puerto Rico, (collectively "appellants"), appeal the trial court's denial of their motion to dismiss for lack of personal jurisdiction and forum non conveniens. I would reverse, concluding that the appellee, American

Clinical Solutions, LLC ("ACS"), a Florida lab, has not shown minimum contacts to support personal jurisdiction over appellants.

TSM and TSS are based in Puerto Rico. According to the complaint, TSS is a wholly owned subsidiary of TSM. TSS is a Blue Cross Blue Shield licensee for Puerto Rico and the U.S. Virgin Islands. TSS issues policies in Puerto Rico to Puerto Rican residents.

ACS, the Florida lab, specializes in drug testing. The lab is not a contracted provider with TSS or TSM. Nevertheless, Puerto Rican physicians collected samples from patients covered by TSS policies and sent them to ACS for testing. ACS represents that it tested at least 25,648 samples from Puerto Rico and sought payment from TSS based on TSS insureds' assignment of benefits. TSS failed to pay ACS, and ACS filed suit in Palm Beach County, alleging that it was owed in excess of $3.5 million for the testing it performed.

TSS and TSM moved to dismiss for lack of personal jurisdiction arguing that the actions of a third party, in network Puerto Rico physicians who sent the samples to ACS, cannot create personal jurisdiction between them and the lab. The trial court rejected their argument and concluded that the lab pleaded both general and specific personal jurisdiction and satisfied "minimum contacts." The trial court found that ACS established minimum contacts with appellants through the number of its insured who reported Florida addresses, a total of 8,757 insureds from 2012-2016.[1] As a result, TSS received premiums from policy holders with Florida addresses. Further, TSS was part of the Blue Card program which allowed it to access discounts negotiated by Florida Blue.

The evidence presented, however, showed that the number of policy holders with addresses in Florida amounted to less than one-third of one percent of TSS's policy holders. More importantly, there is no evidence that TSS issued policies to Florida residents. That policy holders may have moved to Florida does not provide minimum contacts to establish jurisdiction.

I rely on *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), in which the Supreme Court explained the conduct necessary to establish minimum contacts to assert jurisdiction over a defendant:

---

[1] In 2012, a total of 2,280 insureds reported Florida addresses; in 2013, a total of 2,115 insureds reported Florida addresses; in 2014, a total of 1,819 insureds reported Florida addresses; in 2015, a total of 1,423 insureds reported Florida addresses; and, in 2016, a total of 1,120 insureds reported Florida addresses.

[T]he constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State. *International Shoe Co. v. Washington, supra,* 326 U.S., at 316, 66 S.Ct., at 158. Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a "sufficient benchmark" for exercising personal jurisdiction. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S., at 295, 100 S.Ct., at 566. Instead, "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.,* at 297, 100 S.Ct., at 567. In defining when it is that a potential defendant should "reasonably anticipate" out-of-state litigation, the Court frequently has drawn from the reasoning of *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958):

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.,* 465 U.S., at 774, 104 S.Ct., at 1478; *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S., at 299, 100 S.Ct., at 568, or of the "unilateral activity of another party or a third person," *Helicopteros Nacionales de Colombia, S.A. v. Hall, supra,* 466 U.S., at 417, 104 S.Ct., at 1873. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State. *McGee v. International Life Insurance Co., supra,* 355 U.S., at 223, 78

> S.Ct., at 201; *see also Kulko v. California Superior Court, supra,* 436 U.S., at 94, n. 7, 98 S.Ct., at 1698, n. 7.

*Id.* at 474–76 (footnotes omitted).

There is no evidence that TSS or TSM themselves created any contacts with Florida. The connections with Florida seem to me to be the unilateral acts of third parties, whether they be policy holders who moved to Florida or physicians who decided to use a Florida lab to process samples taken from Puerto Rican patients in Puerto Rico. *See also Carefirst of Md., Inc. v. Recovery Vill. at Umatilla, LLC,* 248 So. 3d 135 (Fla. 4th DCA 2018) (concluding that patient's unilateral decision to seek treatment in Florida was insufficient to support jurisdiction in Florida over out of state health insurer). Because this case involved the unilateral transactions of third parties, defendants could not have anticipated being haled into court in Florida. Therefore, I would reverse and direct dismissal for lack of personal jurisdiction.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**